DAVID M. MINTER, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 4, 1899.

1. **Common Carriers: NEGLIGENCE: SHIPPING CATTLE: INSTRUCTIONS: VERDICT.** Where there is a claim of negligence in the shipment of certain stock, and the evidence tends to support the allegation with no contributory negligence pleaded, and the case is fairly submitted on the issue of negligence, the verdict is binding.

2. ———: **SHIPPING CATTLE: CONTRACT AGAINST HEAT: NEGLIGENCE.** A carrier of cattle can not exempt himself by a contract from liability for their overheating occasioned by his negligence.

3. ———: **EVIDENCE: AGENCY.** The shipper of cattle who shows that a certain person at a station on the line of the railroad had charge of all incoming and outgoing trains at that point and always controlled their movements, makes a *prima facie* case of such person's agency and authority to bind the carrier and shifts the burden upon the carrier to show the contrary.

Appeal from the Mercer Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*W. F. Evans* and *McDougal & Sebree* for appellant.

(1) The demurrer to the evidence ought to have been sustained. There was no evidence of any negligence on the part of the defendant which caused the death of the cattle. Defendant had the right to stop its train at stations for a reasonable time, and there is not a particle of evidence that the stops were unreasonable. The plaintiff agreed to accompany the cattle and care for and protect them and have them in his sole charge; and further agreed that the company assumed no responsibility for the safety of the cattle whether from heat or reasonable delay of trains. The burden of proof was upon the plaintiff to prove that the defendant was guilty of neglecting a duty which plaintiff had not agreed himself to perform. This being an interstate shipment the contract was binding, and this being so the plaintiff failed to make a case. Burgher v. Railway, 105 Iowa, 335; Grieve v. Railroad, 104 Iowa, 659; Railway v. Weakly, 50 Ark. 397; Railroad v. Sherwood, 132 Ind. 129; Boaz v. Railroad, 87 Ga. 463.

*H. G. Orton* for respondent.

(1) The evidence showed that the injury to the cattle was caused by the unreasonable length of time the train was held on the side track—six hours in 200 miles—and then cut them out of the train when nearly at the end of the run. (2) The defendant did not, in its answer, aver any negligence of plaintiff contributing to the injury, and there was no evidence that tended to show any neglect on the part of the plaintiff. (3) It is well settled that the defendant could make no contract to relieve itself of the exercise of reasonable care

in the transportation of these cattle. Levering v. Transportation Co., 42 Mo. 88; Ketchum v. Express Co., 52 Mo. 390; McFadden v. Railroad, 92 Mo. 343; Witting v. Railroad, 101 Mo. 631; Doan v. Railroad, 38 Mo. App. 408; Conover v. Express Co., 40 Mo. App. 31; Leonard v. Railroad, 54 Mo. App. 293; Gourley v. Railroad, 35 Mo. App. 87; Davis v. Railroad, 89 Mo. 340; Sturgeon v. Railroad, 65 Mo. 569; Kellerman v. Railroad, 68 Mo. App. 255; Smith v. Alabama, 124 U. S. 465; Law v. Crawford, 67 Mo. App. 150; Flato v. Mulhall, 72 Mo. 522; Hardware v. Lang, 54 Mo. App. 147; Waite v. Bartlett, 53 Mo. App. 378; Bayhydt v. Alexander, 59 Mo. App. 194.

ELLISON, J.—Plaintiff shipped over defendant's road from Millgrove, Missouri, to Chicago, Illinois, for the market thirty head of large and fat beef cattle. The shipment was made in July, 1897, during very hot weather. Three of the animals died en route from overheat caused, as plaintiff contends, by the negligence of defendant's servants. There was verdict for plaintiff for $200.

There was evidence tending to prove negligence of defendant's servants. It was shown that when the cars were in motion the circulation of air tended to keep the cattle in good condition, but that defendant stopped at stations for an unnecessary length of time and left the cars in which the cattle were loaded at points with reference to other cars where they could not have the advantage of the breeze, and this after they knew that one of them had died from heat and two others were down. That the train was delayed by standing on track six hours in a distance of two hundred miles. That plaintiff at Eldon station objected to going further with his stock on account of the delays thus injuring his cattle when he was assured that from thence on there would be a better run, when in fact there was no improvement made. Plaintiff again protested at Rock Island where the cattle were cut out from the

train and left for more than two hours.   No contributory negligence on plaintiff's part was pleaded and none proved.   The case was fairly submitted to the jury on the question of defendant's negligence and the verdict was for plaintiff.

There was a contract which placed plaintiff in charge of his cattle while being transported and which purported to exempt defendant from liability from injury from heat.   But notwithstanding this, defendant would yet be liable for any overheating which was occasioned by its negligence.

It was the yard master who told plaintiff at Eldon, that he would have a better run from thence on and defendant makes the point that there was no evidence showing such person had authority to bind defendant by his assurances of a better run on plaintiff objecting to going any further with the cattle.   We think there was sufficient evidence of his authority *prima facie*.   It was shown that he was in charge of all trains at that point—making them up and sending them out. He had charge of all the incoming and outgoing trains at that point.   Plaintiff had shipped cattle over defendant's road prior to this and knew this man to be the same who had always assumed authority over the trains.

It can not be expected that in all instances a mere shipper could get direct and affirmative evidence of the employment and special authority of the different railway employees with whom he may come in contact.   He can, ordinarily, do no more than plaintiff has done here.   After plaintiff's *prima facie* showing it would have been an easy matter for defendant to show the man was not the agent plaintiff claimed him to be if such was the fact.

We have not discovered any error and hence affirm the judgment.   All concur.